UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ROBERT GARDNER,
    Plaintiff,

V

Case No. 10-cv-326

Hon. Robert J. Jonker

LANSING COMMUNITY COLLEGE,
MICHIGAN EDUCATION ASSOCIATION,
JULIE PETRY,
BEVERLY BALIGAD,
    Defendants,
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL RULE 26 DISCLOSURES

Defendant seeks to have plaintiff disclose additional information under their Rule 26 disclosures. Defendant acknowledges that the disclosures were delivered to the defendants but contends that the information disclosed was inadequate. Rule 26 states that a party must disclose all KNOWN information at the time of filing a disclosure. Defendant argues that plaintiff has failed to disclose information in three areas.

**1. Addresses of known witnesses.**

This case arises under a number of retaliator acts by management of the Lansing Community and the failure to protect by the MEA. LLC made its initial disclosures in November 2010 and plaintiff on December 7, 2010. The SAME witnesses appear on both witness lists. The defendant knows the full identity and whereabouts of these witnesses because these witnesses are employees of the college. Rule 26 states that

the name and address of known witnesses must be disclosed IF KNOWN. Plaintiff did not know the addresses of each witness being disclosed. Defendant has full knowledge of the address and whereabouts of these witnesses.

### a. the subjects of information

The subject of information that each witness was likely to have is denial of allegations of ongoing harassment by these individuals toward the plaintiff.

Rule 26 states that the disclosure of the subject matter of the knowledge of each witness must be stated if it will be used to support claims. The plaintiff's claims are that he was retaliated against. Plaintiff's deposition testimony and the documents in this case support his claims. Each of the witnesses disclosed are one of the alleged harassers. Each witness listed in plaintiff's initial disclosures would not support plaintiff's claim but rather defend against the claim. Plaintiff would impeach each of these witnesses when they articulate their reasons for taking such action against the plaintiff. Under rule 26(a) this information need not be disclosed.

In sum defendant is asking this court to compel the plaintiff to disclose what impeachment information the plaintiff possesses against their own employees. This is not required under Rule 26(a) and plaintiff would ask that this court not so require.

### b. a description of documents in the parties possession

Rule 26(b) requires a party to disclose a description by category and location of all documents. Plaintiff disclosed by category each document and indicated that plaintiff's counsel had these documents. Each document in the possession of plaintiff was secured by the plaintiff through several FIOA claims prior to filing this lawsuit. The documents are numerous and during plaintiff's deposition both defense counsel agreed

that they do not want documents they already have in their possession. The documents are repetitive. During the entire deposition of the plaintiff on January 27, 2011 there were only two identifiable documents that defendant did not possess and neither of these documents were in the possession of plaintiff's counsel. It appears that defendants have all documents in plaintiff's possession.

### c. computation of damages

Rule 26(c) requires a computation of EACH CATEGORY of damages claimed by the plaintiff. The plaintiff indicated that the categories as lost wages, lost benefits and emotional damages. The plaintiff was a part time instructor at the Lansing Community College. Plaintiff's hours and benefits were irregular and not easily calculated for purposes of setting forth in an initial disclosure. The calculation of hours will need disclosure by defendant of actual payroll records.

Further discovery is needed to fill in the actual number with certainty.

### CONCLUSION

The plaintiff made full disclosure of all known witnesses, all known documents and damages in his Rule 26 disclosure. Plaintiff's deposition was taken on January 27, 2011. There were no new surprises in the deposition. The same names that appeared on the initial disclosures were mentioned in the deposition. Defense counsel in fact took out a stack of papers concerning this case which were very similar to the documents in the possession of the plaintiff. In the entire deposition there were two documents in the possession of the plaintiff defendant had not seen.

It appears that full and complete initial disclosure has been made to defendants and Plaintiff prays this court deny this motion.

Respectfully submitted,

*/s/ Richard A. Meier*

Richard A. Meier (P38204)
Attorney for the Plaintiff
30300 Northwestern Highway,
Ste. 320
Farmington Hill, Michigan 48334
248-932-3500
Meier900@netscape.net

## ECF FILING

This response was served via ECF filing on January 29, 2011 to all parties of record.

/s/ Richard A. Meier

Richard A. Meier